1  Craig S. Summers (SBN 108,688)
   craig.summers@kmob.com
2  Paul A. Stewart (SBN 153,467)
   paul.stewart@kmob.com
3  David H. Chan (SBN 251,575)
   david.chan@kmob.com
4  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, 14th Floor
5  Irvine, CA 92614
   Telephone: (949) 760-0404
6  Facsimile:  (949) 760-9502

7  Attorneys for Plaintiff
   **DATCARD SYSTEMS, INC.**
8

9  Willmore F. Holbrow, III (SBN 169688)
   Bill_Holbrow@bstz.com
10 Dennis G. Martin (SBN 54060)
   dennis_martin@bstz.com
11 **BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP**
   12400 Wilshire Boulevard, Seventh Floor
12 Los Angeles, CA  90025
   Telephone: (310) 207-3800
13 Facsimile:  (310) 820-5988

14 Attorneys for Defendant
   **PACSGEAR, INC.**
15

16              IN THE UNITED STATES DISTRICT COURT

17             FOR THE CENTRAL DISTRICT OF CALIFORNIA

18                        SOUTHERN DIVISION

19

| 20 | DATCARD SYSTEMS, INC., a California corporation, | ) ) | Civil Action No. SACV10-1288 DOC (VBKx) |
|---|---|---|---|
| 21 | | ) | |
| 22 | Plaintiff, | ) ) | **[STIPULATED PROTECTIVE ORDER** |
| 23 | v. | ) ) | |
| 24 | PACSGEAR, INC., a California corporation, | ) ) ) | |
| 25 | | ) | |
| 26 | Defendant. | ) ) | |
| 27 | AND RELATED COUNTERCLAIM | ) ) | |
| 28 | | | |

# **STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties consider certain information likely to be disclosed during discovery to be confidential within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties mutually desire that a protective order limiting use, access to, and disclosure of such confidential information be entered;

It is hereby AGREED and STIPULATED among the parties and ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure as follows:

1. Any document, deposition testimony, or other information disclosed in this case, or any portion thereof, may be designated as "Confidential" or "Confidential – Outside Counsel Only" by any party, including without limitation, any third party not a party to the case or witness if such party or witness reasonably believes in good faith that such material is properly entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Information, documents, or other things subject to protection under this Order ("Protected Material") shall be identified as "Confidential" or "Confidential -- Outside Counsel Only."  The words "Confidential" or "Confidential -- Outside Counsel Only" shall be placed clearly on each page or portion of the Protected Material at the time the Protected Material is produced. If a party through inadvertence produces or provides discovery of any Protected Material without first labeling, marking or designating it as "Confidential" or "Confidential -- Outside Counsel Only," then the producing party may, within ten (10) days after the discovery of the inadvertent production, give written notice to the receiving party or parties that the Protected Material is "Confidential" or "Confidential -- Outside Counsel Only" and should be treated in accordance with the provisions of this Order.  The receiving party or parties

must treat such Protected Material in accordance with this Order from the date such notice is received. Disclosure of such Protected Material prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Order; however, those persons to whom disclosure was made shall be promptly advised by the receiving party that the material disclosed was "Confidential" or "Confidential -- Outside Counsel Only" and must be treated in accordance with this Order.

3. In the event the producing party elects to produce files and records for inspection, and the inspecting party desires to inspect files, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents and information within the produced files shall be considered as designated "Confidential -- Outside Counsel Only." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Protected Material with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

4. Protected Material classified as "Confidential" may be disclosed only to the following persons, except upon the prior written consent of the designating party or further order of the Court:

    a. Outside attorneys of record in this matter, and regular employees of such attorneys assigned to and necessary to assist in the conduct of this action;

    b. Officers, employees, and in-house counsel for each party, provided that they are materially involved in the prosecution, defense, or settlement of this matter, and provided further that such persons comply with Paragraph 7 of this Stipulated Protective Order;

     c. Independent experts and consultants, including jury consultants, trial consultants, and graphics and animation specialists (collectively, "experts") retained in this action by the outside attorneys of record, provided that the expert satisfies the conditions set forth in Paragraph 5 of this Protective Order;

     d. A witness during a deposition or at trial who, on the face of the document, is clearly an author or recipient of the document;

     e. Court reporters or videographers who are neither past nor present employees of any party and who are preparing transcripts of testimony of a witness in this case;

     f. Outside vendors who perform scanning, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services and no documents or copies shall be retained; and

     g. This Court and any court to which a subpoena or an appeal related to this action might lie.

5. No expert shall receive Protected Material under Paragraph 4(c) or Paragraph 6 of this Stipulated Protective Order unless and until the conditions set forth in this Paragraph 5 are met. First, such expert must not be otherwise employed in any capacity by any of the Parties, their affiliates, their predecessors-in-interest, their successors-in-interest, or their counsel. Second, such expert must be provided with a copy of this Stipulated Protective Order. Third, such expert must comply with Paragraph 7 of this Stipulated Protective Order. Fourth, the signed acknowledgement form of Paragraph 7 must be sent to opposing counsel, together with the following information regarding the expert: name, present employer and title, and a resume or similar description of prior work/employment, and all past or present affiliations with any party. Fifth, opposing counsel shall have five (5) calendar days after receipt of the

expert's identification and signed acknowledgment to object in good faith, in writing, to disclosure of Protected Material on the basis that disclosure of Protected Material to the proposed expert would result in material risk of disclosure or misuse of the Protected Material.  Opposing counsel then shall have five (5) additional calendar days to file a motion for a protective order to exclude the proposed expert from receiving Protected Material.  Failure to object or file a motion within the time permitted by this Paragraph 5 shall be deemed a waiver of any objection to the expert's access to the information.  If a timely objection is made, no disclosure of Protected Material shall be made to the expert until the objection is resolved by the Court or the time for filing a motion under this Paragraph has expired.

6. Certain financial, pricing, cost, licensing, supplier, vendor, marketing, business strategy, sales, customer, engineering, development and technical information that is particularly sensitive and/or of immediate competitive significance may be designated "Confidential -- Outside Counsel Only."  Care shall be taken by the producing party to use the designation "Confidential -- Outside Counsel Only" only where the producing party has a good faith belief that such protection is needed.  Access to all Protected Material that is designated "Confidential -- Outside Counsel Only" shall be limited to only those persons designated in paragraphs 4(a), (c), (d), (e), (f), and (g) above.

7. Prior to disclosure of Protected Material to any person enumerated in Paragraph 4(b) or (c), the person receiving such Protected Material shall execute the attached Agreement To Be Bound By Protective Order and a copy of such executed Agreement shall be retained by counsel for the receiving party.  A copy of the executed Agreement shall be provided to counsel for the producing party at least five (5) calendar days prior to disclosure of Protected Information.

/ / /

8. Any Protected Material filed with the Court under seal shall be so filed only as provided by Civil Local Rule 79-5. In the case of applications, motions or other papers submitted to the Court in which a party submits Protected Materials, all documents containing Protected Materials that are submitted to the Court shall be lodged (not filed) with the Court in sealed envelopes or other appropriate sealed containers on which shall be placed the title of the litigation, an indication of the nature of the contents of the sealed envelope or other container, and the words "Confidential" or "Confidential -- Outside Counsel Only" as appropriate. The party lodging the Protected Materials shall simultaneously file a motion to seal such materials. Until the Court rules on whether to seal, the lodged material shall remain under seal.

9. All notes, extracts, and summaries of Protected Material shall also be considered Protected Material and shall be subject to the terms of this Order. All copies of Protected Material shall be considered Protected Material.

10. A party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential -- Outside Counsel Only" classification at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Any party may request in writing to the party who produced Protected Material that the classification be modified or withdrawn. If the designating party does not agree to reclassification within five (5) days of receipt of the written request, the requesting party may apply to the Court for relief. Agreement of the parties to this Order shall not be construed as an agreement or admission by one party that any information classified as "Confidential" or "Confidential -- Outside Counsel Only" by the other party is in fact confidential information. In determining whether any such designation is proper, the Court shall be governed by the standards set forth in Fed. R. Civ. P. 26(c) and the case law thereunder. The burden of proof and persuasion shall be on the party seeking to maintain confidentiality.

11. Protected Material disclosed through testimony or otherwise at any deposition in this litigation may be designated as "Confidential" or "Confidential -- Outside Counsel Only" by any party or the witness by indicating on the record at the deposition or by written notice to the opposing party and the court reporter within fourteen (14) days of receipt of a transcript thereof. All transcripts shall be treated as "Confidential – Outside Counsel Only" until expiration of the fourteen (14) day period, unless otherwise agreed by the parties and witness on the record at the deposition or in writing. The court reporter shall designate those portions of the deposition transcripts which are designated on the record as Protected Material with the appropriate "Confidential" or "Confidential -- Outside Counsel Only" legend. If Protected Material is to be disclosed during a deposition, any persons present who are not authorized to receive such material shall be asked to leave the deposition until such time as the testimony no longer involves disclosure of such material.

12. This Order shall not bar any attorney identified in paragraph 4(a) above in the course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Protected Material produced or exchanged herein, provided however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Protected Material produced by another party herein if that disclosure would be contrary to the terms of this Order.

13. Except as set forth in Paragraph 14 of this Stipulated Protective Order, all Protected Material, including information contained in Protected Material, may be used only for the purposes of the present litigation, including all appeals, and in proceedings to enforce a subpoena in connection with this litigation. In all appeals and proceedings to enforce a subpoena, the party relying upon the Protected Material shall use appropriate procedures to ensure

that the Court treats the Protected Material as Confidential or Confidential – Attorneys' Eyes Only, in accordance with this Stipulated Protective Order. At the conclusion of this litigation, by final judgment, settlement, or otherwise, each party shall promptly return to the other party all Protected Material produced, disclosed, or designated by such other party during this litigation. Alternatively, a party may destroy these materials and certify in writing that it has done so. Notwithstanding the foregoing, outside counsel may retain an archival copy of documents filed with the Court, including without limitation deposition transcripts whether filed with the court or not, that contain Protected Material, provided such archival copies are maintained subject to the terms of this Protective Order. Except as provided above, neither party shall retain a copy in any form of Protected Material after the termination of this litigation. The treatment accorded Protected Material under this Order shall survive the termination of this action.

14. Any party receiving Protected Material who believes in good faith that disclosure of such material to the United States Patent and Trademark Office (PTO) is required by 37 C.F.R. § 1.56 may disclose such material to the PTO using the confidential disclosure procedures set forth in Sections 724 - 724.06 of the Manual of Patent Examining Procedure. Any such disclosure shall be accompanied by a Petition to Expunge such Protected Material from the PTO's file in accordance with 37 C.F.R. § 1.59(b) and Section 724.05 of the Manual of Patent Examining Procedure. At least ten (10) calendar days prior to submission of Protected Material to the PTO, the submitting party shall provide written notice of the planned submission to the producing party. The producing party may seek relief from this Court to prevent or otherwise restrict disclosure of the Protected Material to the PTO.

15. In the event that a party seeks discovery from a non-party to this action, either the non-party or the parties may invoke the terms of this Order

with respect to any Protected Material provided to the parties by the non-party by so advising all parties in this suit in writing.  Any non-party that discloses Protected Material under this Order shall be entitled to the rights of a party under this Protective Order with respect to those produced materials.

16.  The parties shall, at the close of this litigation, promptly retrieve from the Court all documents and things filed under seal during the course of this litigation and shall return to the other party or parties, or destroy, all Protected Material in accordance with Paragraph 13 of this Order.

17.  Nothing in this Stipulated Protective Order shall restrict a party's use of its own Protected Materials.  Similarly, nothing in this Order shall be deemed in any way to restrict the use of information that is lawfully obtained or publicly available to a party independently of discovery in this action, whether or not such information has also been obtained during the course of discovery in the action.

18.  Execution and entry of this Order shall not prevent a party to the litigation or a non-party under Paragraph 15 from seeking modification of or relief from this Order or from seeking other relief or protective orders as may become appropriate or necessary to efficiently prepare this matter for trial.

19.  The parties shall cooperate with one another to minimize the need for filing documents under seal.  For example, where the information that renders a document confidential is not germane to the issue to which the filing relates, the parties should agree to redaction of such information from the filed document, (e.g., the substitution of "John Doe" names in place of real identities).

Dated:  February 9, 2011          _____David O. Carter_____
                                   United States District Court Judge

**APPROVED AS TO FORM AND CONTENT:**

Date: _____, 2011      Date: _____, 2011

Craig S. Summers
Paul A. Stewart
David H. Chan
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street 14th Floor
Irvine, CA 92614

Attorneys for Plaintiff,
**DATCARD SYSTEMS, INC.**

Willmore F. Holbrow, III
Dennis G. Martin
**BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP**
12400 Wilshire Boulevard
Seventh Floor
Los Angeles, CA  90025

Attorneys for Defendant,
**PACSGEAR, INC.**

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DATCARD SYSTEMS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PACSGEAR, INC., a California corporation,<br><br>　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIM | Civil Action No.<br>SACV10-1288 DOC (VBKx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

In consideration of the disclosure to me or production by me of certain information which is or, upon production, may be designated as subject to a Protective Order of the Court, I agree as follows:

1. I have read the Protective Order in this case and I agree to be bound by its terms.
2. I understand that if I violate the terms of the Protective Order, I may be subject to a contempt of court proceeding.
3. I agree to submit to the jurisdiction of the Court for the purpose of enforcement of this Protective Order.

Dated: _____

_____
(Signature)

_____
(Print Name)

_____
(Address)

_____
(Address)