**Knobbe Martens Olson & Bear LLP**
Intellectual Property Law

2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Tel 949-760-0404
Fax 949-760-9502
www.kmob.com

Paul A. Stewart
pstewart@kmob.com

October 21, 2011
**VIA EMAIL**
**bill_holbrow@bstz.com**

Mr. Willmore Holbrow
BLAKELY SOKOLOFF TAYLOR & ZAFMAN
12400 Wilshire Blvd., 7th Floor
Los Angeles, CA 90025

  Re: *DatCard Systems, Inc. v. Pacsgear*, Case No. SACV10-1288
    Our Reference: DATCARL.067L

Dear Bill:

  I am writing to you regarding Pacsgear's Ninth Affirmative Defense, which was pled as patent misuse. In Pacsgear's recent response to Interrogatory No. 17, Pacsgear made clear that this defense is in fact the defense of inequitable conduct under another name. Interrogatory No. 17 sought Pacsgear's factual and legal basis for its patent misuse defense. In response, Pacsgear alleged that inventor Ken Wright failed to disclose to the Patent Office a certain efilm suite software product, despite an "obligation" to do so. Pacsgear also alleged that DatCard improperly argued to the Patent Office that its claims are supported by its provisional patent application. These allegations of failure to disclose prior art and misrepresentations to the Patent Office clearly point to only one defense know in patent law, the defense of inequitable conduct.

  Inequitable conduct, however, is a defense that Pacsgear has not pled in this case. It has pled only patent misuse. Certainly, Pacsgear has not pled inequitable conduct with the specificity required by Rule 9 of the Federal Rules of Civil Procedure and the Federal Circuit's decision in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.2d 1312 (Fed. Cir. 2009). Even construing Pacsgear's interrogatory response as a pleading – which it is not – Pacsgear has fallen far short of pleading inequitable conduct with the specificity required by Rule 9 and *Exergen*.

  In addition, Pacsgear's interrogatory response presumably contains ***all*** of the facts underlying Pacsgear's inequitable conduct defense. The facts alleged by Pacsgear, even if taken as true, fall far short of what is needed to prove inequitable conduct under the Federal Circuit's *en banc* decision in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc). No reasonable attorney could conclude that the eight lines of text provided in response to Interrogatory No. 17 meet the high standard of *Therasense*.

EXHIBIT

**Knobbe Martens Olson & Bear LLP**

Mr. Willmore Holbrow
October 21, 2011
Page -2-

      Accordingly, we request that Pacsgear voluntarily withdraw its Ninth Affirmative Defense and its unpled defense of inequitable conduct. If Pacsgear refuses to withdraw these defenses voluntarily, it is DatCard's intention to move for summary judgment to dismiss these defenses. We will also move to strike any expert reports or expert testimony regarding these defenses. Given the clearly deficient and factually unsupported nature of these defenses, DatCard will seek its attorneys' fees in defending against and obtaining the dismissal of these defenses if Pacsgear does not withdraw them voluntarily. We note that when we requested that Pacsgear withdraw this identical defense from its original pleading, it voluntarily did so. Please let us know by Thursday October 27th whether Pacsgear will voluntarily withdraw these defenses. Otherwise, we will complete the meet-and-confer process and begin the preparation of our motion.

      Sincerely,

      Paul A. Stewart

12127062
101911