Willmore F. Holbrow, III (SBN#169688)
Bill_Holbrow@bstz.com
Dennis G. Martin (SBN# 54060)
Dennis_Martin@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel: (310) 207-3800
Fax: (310) 820-5988

Attorneys for Defendant PACSGEAR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DATCARD SYSTEMS, INC., a California corporation | CASE NO. SACV 10-1288 DOC (VBKx) |
| Plaintiff, | Case Assigned to: Judge David O. Carter |
| vs. | |
| PACSGEAR, INC., a California corporation | **DEFENDANT'S SUPPLEMENTAL RESPONSES TO 4TH SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF (NO. 17)** |
| Defendant. | |
| PACSGEAR, INC., a California corporation, | |
| Counter-Claimaint, | |
| v. | |
| DATCARD SYSTEMS, INC., a California corporation, | |
| Counter-Defendant. | |

EXHIBIT 3

1

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant PACSGEAR, INC. (hereinafter 'PACSGEAR") hereby responds to the Plaintiff DATCARD SYSTEMS, INC.'s (hereinafter "DATCARD") FOURTH SET OF INTERROGATORIES.

## General Objections

1. PACSGEAR objects to Plaintiff DATCARD'S FOURTH SET OF INTERROGATORIES requesting confidential or trade secret information at least in the absence of a suitable protective order. Disclosure of such information to personnel of Plaintiff or persons associated with Defendant's competitors could be damaging to Defendant's business interests.

2. PACSGEAR objects to DATCARD'S FOURTH SET OF INTERROGATORIES requesting disclosure of confidential attorney-client communications or the work product of its counsel.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 17:**

Identify and describe in detail all of the facts and legal bases supporting your Ninth Affirmative Defense, set forth in Paragraph 46 of your Answer to the Second Amended Complaint, and identify the Bates Number all documents supporting this affirmative defense.

**OBJECTION:** PACSGEAR objects to this interrogatory on the grounds it is vague and ambiguous.

**RESPONSE:** Subject to and without waiving the foregoing objections, PACSGEAR responds as follows:

1. Ken Wright, one of the two named inventors, testified that in 1999 and prior to conceiving of the claimed invention, he acquired and used a software program, known

2

as eFilm Suite, made by eFilm Medical, Inc. of Toronto, Canada. (Wright Transcript pp. 44-52)

2. Ken Wright testified that this eFilm software was designed to burn DICOM medical images onto CDs along with viewing software, which would enable one to view the images on widely accessible computers, not specifically configured with standard medical imaging software for viewing medical images. (Wright Transcript pp. 44-52)

3. During the prosecution of the application (number 09/761,795) (the "795 Application") which would lead to the issuance of U.S. Patent No. 7,302,164 (the "164 Patent"), the Patent Examiner rejected the claims on the ground that some of the cited prior art references disclosed the concept of adding viewing software on to a CD to allow for viewing the DICOM medical images on widely accessible computers.

4. In response, Ken Wright, signed a declaration on July 19, 2007 ("Declaration") that was filed on his behalf with the PTO in response to the Patent Examiner's rejection. In the Declaration, he distinguished several prior art references by contending that they failed to disclose burning viewing software on a CD to allow the images on the CD to be viewed on widely accessible computers. (See pages 1-5 of Declaration of Ken Wright Under 37 C.F.R. 1.132)

5. By way of example, Mr. Wright states at page 4 of 5:

"Specifically, the system disclosed in Nishihara does not address the shortcoming of medical image data systems such as disclosed in Sutherland, that require use of viewing workstations that are specifically configured to view medical image data stored in a standardized medical imaging format, such as DICOM format."

6. The Amendment and Remarks filed with the PTO on behalf of DatCard on 20 July 2007, by Kyle F. Schlueter of Knobbe Martens Olson & Bear, DatCard's counsel, in response to an Office Action, highlighted the portion of the claims, which they contended distinguished the claims over the prior art references, namely:

1  "....allowing viewing of medical image data stored on the data storage medium [CD] **on widely accessible computers not specifically configured with standard medical imaging software for viewing medical images**" [[emphasis added] by DatCard in response.] (see pages 1-16 of Remarks and Amendments.]

7.  By way of example, in its 20 July 2007 Amendment and Remarks submission to the PTO, DatCard's attorneys distinguish the prior art reference of Sutherland as follows:

"Thus, the Sutherland disclosure is focused on the need for a DICOM-compliant **viewing station**, whereas the system recited in Claim 37 includes a viewing program that allows for viewing of medical image data on "widely accessible computers not specifically configured with standard medical imaging software for viewing of medical images."

8.  The above limitation appears in all the independent claims of the '164 Patent and the PTO issued a Notice of Allowance shortly after receiving this response.

9.  DatCard and its representatives failed to disclose to the PTO, during the prosecution of the '795 Application or anytime thereafter, the capabilities of the prior art eFilm Suite product, including its ability to burn viewing software onto a CD with DICOM medical images to allow the viewing of such images on widely accessible computers.

10. Mr. Wright, in submitting the Declaration, knew that the PTO was focusing on whether the prior art references disclosed a system which allowed DICOM medical images to be viewed on widely accessible computers. In his Declaration, he specifically attempted to claim that none of the prior art references disclosed including a viewing program on the CD. Despite this knowledge, Mr. Wright and Mr. Schlueter failed to disclose to the PTO that the prior art eFilm Suite software had this very feature.

11. PACSGEAR alleges that the above misrepresentations/omissions constituted egregious misconduct, were highly material to patentability and made with the intent to deceive the PTO to issue the '164 Patent. Additionally, PACSGEAR contends that had

DatCard disclosed to the PTO the features of the efilm Software, the '164 Patent would not have issued. PACSGEAR also contends that the subsequent "child" patents, which are based are the same specification as the '164 Patent are tainted by this conduct and are also therefore unenforceable.

Dated: October 25, 2011      /s/ Willmore F. Holbrow, III

Willmore F. Holbrow, III (SB# 169688)
Dennis G. Martin (SB# 54060)
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Attorneys for Defendant

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the State of California, am over the age of 18 years and not a party to the within action. I am employed by Blakely Sokoloff, Taylor & Zafman LLP located at 12400 Wilshire Boulevard, Seventh Floor, Los Angeles, California 90025.

On October 25, 2011, I served the following document: **DEFENDANT'S SUPPLEMENTAL RESPONSES TO FOURTH SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF (NO. 17)** on all interested parties, through their respective attorneys of record, as follows:

Craig S. Summers
craig.summers@kmob.com
Paul A. Stewart
paul.stewart@kmob.com
David H. Chan
david.chan@kmob.com
KNOBBE MARTENS, OLSON & BEAR, LLP
2040 Main Street 14th Floor
Irvine, CA 92614
Tel: 949-760-0404
Fax: 949-760-9502

## METHOD OF SERVICE

__✓__ (BY MAIL) I caused such envelope(s) with sufficient postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.

__✓__ (BY ELECTRONIC MAIL) I caused a true and correct copy of the attached document to be sent via e-mail to the email address listed above)

_____ (BY FACSIMILE) I caused such document to be transmitted by facsimile to the address listed above.

_____ (BY PERSONAL SERVICE) I caused such documents to be delivered by hand to the person(s) listed above by using a messenger service for personal delivery or by Federal Express, California Overnight Express or some other overnight delivery service to the address listed above.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on October 25, 2011 at Los Angeles, California.

Lareema Henderson