Willmore F. Holbrow, III (SBN#169688)
Bill_Holbrow@bstz.com
Dennis G. Martin (SBN# 54060)
dennis_martin@bstz.com
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel: (310) 207-3800
Fax: (310) 820-5988

Attorneys for Defendant PACSGEAR, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DATCARD SYSTEMS, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>PACSGEAR, INC., a California corporation<br><br>Defendant. | CASE NO. SACV 10-1288 DOC (VBKx)<br><br>Case Assigned to: Judge David O. Carter<br><br>**[PROPOSED] AMENDED ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM**<br><br>**[DEMAND FOR JURY TRIAL]** |
| PACSGEAR, INC., a California corporation,<br><br>Counter-Claimaint,<br><br>v.<br><br>DATCARD SYSTEMS, INC., a California corporation,<br><br>Counter-Defendant. | |

Defendant PACSGEAR, INC., a California corporation, (hereinafter Defendant) responds to Plaintiff's Second Amended Complaint as follows:





1. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Admitted.

4. Admitted.

5. Defendant admits that it conducts business throughout the United States but denies the remaining allegations of paragraph 5.

6. Admitted.

7. Defendant incorporates by reference its answers to paragraphs 1 through 6 as though fully set forth herein.

8. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 8, and therefore denies the same (Exhibit 1 to the Second Amended Complaint speaks for itself).

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant incorporates by reference, its answers to paragraphs 1 through 6 as though fully set forth herein.

15. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 15, and therefore denies the same (Exhibit 2 to the Second Amended Complaint speaks for itself).

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant incorporates by reference, its answers to paragraphs 1 though 6 above as though fully set forth herein.

21. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 21, and therefore denies the same (Exhibit 3 to the Second Amended Complaint speaks for itself).

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant incorporates by reference, its answers to paragraphs 1 though 6 above as though fully set forth herein.

27. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 27 and therefore denies same. (Exhibit 4 to the Second Amended Complaint speaks for itself.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant denies the allegations of paragraph 31.

32. Defendant incorporates by reference, its answers to paragraphs 1 though 6 above as though fully set forth herein

33. Defendant lacks sufficient information or belief to admit or deny the allegations of paragraph 33 and therefore denies same. (Exhibit 5 to the Second Amended Complaint speaks for itself.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

## AFFIRMATIVE DEFENSES

38. As a first separate and distinct affirmative defense, Defendant alleges that the complaint fails to state a cause of action against it.

39. As a second separate and distinct affirmative defense, Defendant alleges that the claims are barred, based on laches, equitable estoppel and waiver.

40. As a third separate and distinct affirmative defense, Defendant alleges that U. S. Patent Nos. 7,302,174, 7,729,597, 7,783,174, 7,734,157 and 7,801,422 (hereinafter the "Asserted Patents"), are invalid, unenforceable, and void under 35 U.S.C. § 102 (a), because the alleged inventions were known or used by others in this country, or patented or described in a printed publication in this or a foreign country before the alleged invention by the patentees of the patents.

41. As a fourth separate and distinct affirmative defense, Defendant alleges that the Asserted Patents are invalid, unenforceable, and void under 35 U.S.C. § 102(b), because the alleged invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for the patent in the United States.

42. As a fifth, separate and distinct affirmative defense, Defendant alleges that the Asserted Patents are invalid, unenforceable and void under 35 U.S.C. § 102(f), because the named inventors did not invent the subject matter sought to be patented.

43. As a sixth separate and distinct affirmative defense, Defendant alleges that the Asserted Patents are invalid, unenforceable and void under 35 U.S.C. § 102(g) because before the named inventors allegedly conceived of the alleged invention, the invention was made in the United States by another inventor who had not abandoned, suppressed or concealed it.

44. As a seventh separate and distinct affirmative defense, Defendant alleges that the Asserted Patents are invalid, unenforceable and void under 35 U.S.C. § 103, because the subject matter as claimed in the patents would have been obvious to a person or

ordinary skill in the art to which the alleged invention relates, and does not constitute a patentable invention in light of the prior art at the time the alleged inventions were made.

45. As an eighth separate and distinct affirmative defense, Defendant alleges that the Asserted Patents are invalid, unenforceable and void because the patents fail to contain an adequate written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as required by 35 U.S.C. § 112, to enable any person skilled in the art to practice the alleged invention purposed to be covered thereby.

46. As a ninth, separate and distinct affirmative defense, Defendant alleges that the Asserted Patents are invalid and unenforceable as a result of patent misuse, such misuse including, without limitation, obtaining a patent through fraudulent representations and omissions in the Patent Office, and bad faith enforcement of a patent known to Plaintiff to be invalid for the purpose of restraining competition. The facts supporting this Affirmative Defense include:

a. Ken Wright, one of the two named inventors, testified that in 1999 and prior to conceiving of the claimed invention, he acquired and used a software program, known as eFilm Suite, made by eFilm Medical, Inc. of Toronto, Canada.

b. Ken Wright testified that this eFilm software was designed to burn DICOM medical images onto CDs along with viewing software, which would enable one to view the images on widely accessible computers, not specifically configured with standard medical imaging software for viewing medical images.

c. During the prosecution of the application (number 09/761,795) (the "795 Application") which would lead to the issuance of U.S. Patent No. 7,302,164 (the "164 Patent"), the Patent Examiner rejected the claims on the ground that some of the cited prior art references disclosed the concept of adding viewing software on to a CD to allow for viewing the DICOM medical images on widely accessible computers.

d. In response, Ken Wright, signed a declaration on July 19, 2007 ("Declaration") that was filed on his behalf with the PTO in response to the Patent Examiner's rejection. In the Declaration, he distinguished several prior art references by contending that they failed to disclose burning viewing software on a CD to allow the images on the CD to be viewed on widely accessible computers.

e. By way of example, Mr. Wright states at page 4 of 5:

"Specifically, the system disclosed in Nishihara does not address the shortcoming of medical image data systems such as disclosed in Sutherland, that require use of viewing workstations that are specifically configured to view medical image data stored in a standardized medical imaging format, such as DICOM format."

f. The Amendment and Remarks filed with the PTO on behalf of DatCard on 20 July 2007, by Kyle F. Schlueter of Knobbe Martens Olson & Bear, DatCard's counsel, in response to an Office Action, highlighted the portion of the claims, which they contended distinguished the claims over the prior art references, namely:

> "….allowing viewing of medical image data stored on the data storage medium [CD] **<u>on widely accessible computers not specifically configured with standard medical imaging software for viewing medical images</u>**" [[emphasis added] by DatCard in response.]

g. By way of example, in its 20 July 2007 Amendment and Remarks submission to the PTO, DatCard's attorneys distinguish the prior art reference of Sutherland as follows:

> "Thus, the Sutherland disclosure is focused on the need for a DICOM-compliant **<u>viewing station</u>**, whereas the system recited in Claim 37 includes a viewing program that allows for viewing of medical image data on "widely accessible computers not specifically configured with standard medical imaging software for viewing of medical images."

h. The above limitation appears in all the independent claims of the '164 Patent and the PTO issued a Notice of Allowance shortly after receiving this response.

i. DatCard and its representatives failed to disclose to the PTO, during the prosecution of the '795 Application or anytime thereafter, the capabilities of the prior art eFilm Suite product, including its ability to burn viewing software onto a CD with DICOM medical images to allow the viewing of such images on widely accessible computers.

j. Mr. Wright, in submitting the Declaration, knew that the PTO was focusing on whether the prior art references disclosed a system, which allowed DICOM medical images to be viewed on widely accessible computers. In his Declaration, he specifically attempted to claim that none of the prior art references disclosed including a viewing program on the CD. Despite this knowledge, Mr. Wright and Mr. Schlueter failed to disclose to the PTO that the prior art eFilm Suite software had this very feature.

k. The above misrepresentations/omissions constitute egregious misconduct, were highly material to patentability and made with the intent to deceive the PTO to issue the '164 Patent. Additionally, PACSGEAR contends that had DatCard disclosed to the PTO the features of the efilm Software, the '164 Patent would not have issued. PACSGEAR also contends that the subsequent "child" patents, which are based on the same specification as the '164 Patent are tainted by this conduct and are also therefore unenforceable.

**COUNTERCLAIM FOR NON-INFRINGEMENT, INVALIDITY AND INEQUITABLE CONDUCT**

Defendant for its counterclaim alleges:

1. Jurisdiction of this counterclaim arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a). This is also a compulsory

counterclaim within the meaning of Rule 13 of the Federal Rules of Civil Procedure. There is a justiciable controversy between Plaintiff and Defendant concerning the validity, enforceability and scope of U. S. Patent Nos. 7,302,174, 7,729,597, 7,783,174, 7,734,157 and 7,801,422 (hereinafter collectively the "Subject Patents") and for the alleged direct, contributory or induced infringement thereof.

2. This counterclaim is brought for a judgment that the Subject Patents, and each claim thereof, are not infringed, either literally or under the doctrine of equivalents by direct, contributory or induced infringement, and are invalid, void, and unenforceable.

3. Defendant alleges that the Subject Patents are invalid, unenforceable, and void for the reasons set forth in paragraphs 40-46 above, which are incorporated by reference herein, having instituted this infringement suit against Defendant, Plaintiff could, with the approval of this Court, dismiss such suit without an adjudication of the patents, thereby leaving Defendant and the public subject to further annoyance and litigation.

4. Defendant denying infringement of the Subject Patents, alleges that unless Defendant is found not to infringe the Subject Patents and the Subject Patents are adjudged invalid, void, and unenforceable, Defendant will be harassed in the conduct of its business.

WHEREFORE, Defendant prays as follows:

1. That plaintiff take nothing by way of its complaint;

2. An order, judgment, and decree be granted declaring that Plaintiff is without right or authority to threaten or to maintain suit against Defendant for alleged infringement of the Subject Patents in that the patents are invalid, unenforceable, and void in law; and that the patents are not infringed by Defendant;

3. Judgment be entered for all costs and reasonable attorneys fees incurred by Defendant herein; and

4. Such other and further relief as the Court may deem appropriate.

Dated: November 7, 2011 ______________________________

Willmore F. Holbrow, III (SB# 169688)

Dennis G. Martin (SB# 54060)
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
12400 Wilshire Boulevard, Seventh Floor
Los Angeles, California 90025
Tel: (310) 207-3800
Fax: (310) 820-5988
Attorneys for Defendant
PACSGEAR, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury of all issues triable of right by a jury.

Dated: November 7, 2011

Respectfully submitted,

_______________________________

Dennis G. Martin
Willmore F. Holbrow
BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN LLP
12400 Wilshire Boulevard, Suite 700
Los Angeles, California 90025
Attorneys for Defendant PACSGEAR, INC.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a resident of the State of California, am over the age of 18 years and not a party to the within action. I am employed by Blakely Sokoloff, Taylor & Zafman LLP located at 12400 Wilshire Boulevard, Seventh Floor, Los Angeles, California 90025.

On November 7, 2011, I served the following document:

**ANSWER TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM AND [DEMAND FOR JURY TRIAL]**

on all interested parties, through their respective attorneys of record, as follows:

| | |
|---|---|
| Craig S. Summers (SB#108,688<br>craig.summers@kmob.com<br>Paul A. Stewart (SB#153,467)<br>paul.stewart@kmob.com<br>David H. Chan (SB #2511,575)<br>david.chan@kmob.com<br>KNOBBE MARTENS, OLSON & BEAR, LLP<br>2040 Main Street 14th Floor<br>Irvine, CA 92614<br>Tel: 949-760-0404<br>Fax: 949-760-9502<br>. | |

**METHOD OF SERVICE**

______(**BY MAIL**) I caused such envelope(s) with sufficient postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.

______(**BY ELECTRONIC MAIL**) I caused a true and correct copy of the attached document to be sent via e-mail to the email address listed above)

______(**BY FACSIMILE**) I caused such document to be transmitted by facsimile to the address listed above.

___________(**BY PERSONAL SERVICE**) I caused such documents to be delivered by hand to the person(s) listed above by using a messenger service for personal delivery or by Federal Express, California Overnight Express or some other overnight delivery service to the address listed above.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on November 7, 2011, at Los Angeles, California.

______________________________
Maria Papi