Craig S. Summers (SBN 108,688)
craig.summers@kmob.com
Paul A. Stewart (SBN 153,467)
paul.stewart@kmob.com
Brian C. Claassen (SBN 253,627)
brian.claassen@kmob.com
Bridget A. Smith (SBN 253,548)
bridget.smith@kmob.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile:  (949) 760-9502

Attorneys for Plaintiff/Counterdefendant
**DATCARD SYSTEMS, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DATCARD SYSTEMS, INC., a California corporation,<br><br>              Plaintiff,<br><br>        v.<br><br>PACSGEAR, INC., a California corporation,<br><br>              Defendant.<br><br>—————————————————<br>AND RELATED COUNTERCLAIM | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>SACV10-1288 DOC (VBKx)<br><br>**DECLARATION OF PAUL A. STEWART IN SUPPORT OF DATCARD SYSTEMS, INC.'S MOTION TO SET A DEADLINE TO SERVE AN EXPERT REPORT**<br><br>Date:   December 12, 2011<br>Time:  8:30 a.m.<br>Ctrm:  9D<br><br>The Honorable David O. Carter |

I, Paul A. Stewart, declare as follows:

1.     I am a partner with the law firm of Knobbe, Martens, Olson & Bear, LLP, and one of the attorneys representing Plaintiff/Counterdefendant DatCard Systems, Inc. ("DatCard").  I have personal knowledge of the matters set forth herein and if called upon to testify, I could and would testify competently to them.

2.     I am providing this declaration in support of DatCard's Motion to Set a Deadline for Service of DatCard's Rebuttal to the Expert Report of Robert Green.

3.     Attached hereto as Exhibit 1 is a true and correct copy of an email chain between me and B. Holbrow dated from October 25, 2011 to October 28, 2011.

4.     Attached hereto as Exhibit 2 is a true and correct copy of an email from B. Holbrow to me dated September 2, 2011.

5.     Attached hereto as Exhibit 3 is a true and correct copy of Defendant's Supplemental Responses to 4th Set of Interrogatories Propounded by Plaintiff (No. 17), served October 25, 2011.

6.     Attached hereto as Exhibit 4 is a true and correct copy of an email from me to B. Holbrow dated October 31, 2011.

7.     Attached hereto as Exhibit 5 is a true and correct copy of the Expert Report of Robert Green dated November 1, 2011.

8.     Attached hereto as Exhibit 6 is a true and correct copy of an email from D. Martin to me dated November 3, 2011.

9.     On September 2, 2011, I received an email from Mr. Holbrow, counsel for Pacsgear, disclosing that Pacsgear had retained attorney Robert Green as a potential testifying expert witness in this litigation.  Exhibit 2 (attached to this declaration) is a copy of this email.

/ / /

10.    I thereafter had a phone conversation with Mr. Holbrow.  During that conversation, I asked Mr. Holbrow what issues Mr. Green was retained to give opinions on.  Mr. Holbrow responded that Mr. Green had been retained to give opinions regarding the file histories that relate to the issue of patent validity.   I also asked Mr. Holbrow directly whether Mr. Green would be offering opinions on inequitable conduct.  Mr. Holbrow responded that Mr. Green would be reviewing the file histories and, if he found any evidence of inequitable conduct, he might address that evidence as well.

11.    This conversation with Mr. Holbrow left me with the clear impression that Pacsgear did not, at that time, have any basis for asserting a defense of inequitable conduct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of November, 2011, in Irvine, California.

*/s/ Paul A. Stewart*
Paul A. Stewart

12252335

-2-

**EXHIBIT 1**

**From:** Paul.Stewart
**Sent:** Friday, October 28, 2011 1:10 PM
**To:** Roberta.Bustillos
**Subject:** 2011-10-28 email from Holbrow to PAS re: Datcard v. Pacsgear

---

**From:** Bill Holbrow [mailto:Bill_Holbrow@bstz.com]
**Sent:** Friday, October 28, 2011 12:50 PM
**To:** Paul.Stewart
**Subject:** Re: Datcard v. Pacsgear

Paul,

Thanks for the response.  As you can see from the Interrogatory we served yesterday, we are looking for description of all the features of all the products offered by PACSCube, including the PACSCubeLite.  We had previously asked for sales data relating to all the products sold, which would include the PACSCube Lite.  As it appears that it is not readily clear, please let me know how we are to determine the quantity of sales of each of the PACSCube products or produce some documentation that makes it clear.  Please let me know when you will be able to provide it.  I believe our previous requests solicited this information – if you disagree please let me know.

In terms of what we are requesting, I guess I should have been less technical – we are looking for the software used to run the program after it is installed on a PC.  As well as the Source Code.

I am fine with your request to push the Rebuttal Reports back a day as well.

Thanks and Regards,

**Bill Holbrow** | Partner
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
12400 Wilshire Boulevard, Suite 700
Los Angeles | California 90025
Phone 310.207.3800 | Fax 310.820.5988
Bill_Holbrow@bstz.com| www.bstz.com

---

**From:** "Paul.Stewart" <Paul.Stewart@kmob.com>
**Date:** Fri, 28 Oct 2011 01:26:45 +0000
**To:** Bill Holbrow <Bill_Holbrow@bstz.com>
**Conversation:** Datcard v. Pacsgear
**Subject:** RE: Datcard v. Pacsgear

Bill,

   Thank you for providing the information regarding international sales.  I will try to get you the information you requested below as quickly as possible.  Just to be sure we are on the same page, I understand that you are asking for information about the "Pacscube Lite" products that included fewer than all standard features for a Pacscube, such as the Pacscube Lite products that lacked the report capability.  As you know, the term Pacscube Lite can be a little ambiguous because it is sometimes used, particularly by the finance department, to describe fully featured products that have a non-Rimage robotic component.

   Also, please clarify whether you truly want the Object Code of the Pacscube devices.  My understanding is that Object

Code is machine readable only.

   Lastly, Tuesday is fine for the opening expert reports as long as you agree that we push the rebuttal expert reports back by a day as well.  Please confirm that this is agreeable to you.  Thank you.

Paul

---

**From:** Bill Holbrow [mailto:Bill_Holbrow@bstz.com]
**Sent:** Thursday, October 27, 2011 4:27 PM
**To:** Paul.Stewart
**Subject:** Re: Datcard v. Pacsgear

Paul,

Here is the breakdown you requested:

The MediaWriters sold to North and South America come from Pleasanton.

The MediaWriters sold to Europe, Australia and South Africa come from Germany.

The MDR products come from Auburn, CA.

On the topic of expedited discovery please provide the time frames during which the PacsCube Lite was sold, distinguishing the versions that included the add-report features and the versions, which did not include the adding report features and provide a list of all features that were not provided by the various PACSCube products.  Also, please provide me with the inclusive dates that David Montgomery and Matt Weidman (sp?) provided services to DatCard - (e.g., dates of employment).  I will be sending you discovery requests on these items but if you could expedite the response, I'd appreciate it.

Following up on our reciprocal agreement re: the exchange of  code, please provide us with the Object and Source Code of all versions of the PACSCubeLite – with information identifying the versions.

Finally, it looks like I may have a conflict on Monday and was wondering if you had a problem with pushing the date to exchange expert reports back a day, to Tuesday?

I look forward to hearing from you.

**Bill Holbrow** | Partner
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
12400 Wilshire Boulevard, Suite 700
Los Angeles | California 90025
Phone 310.207.3800 | Fax 310.820.5988
Bill_Holbrow@bstz.com| www.bstz.com

---

**From:** "Paul.Stewart" <Paul.Stewart@kmob.com>
**Date:** Tue, 25 Oct 2011 00:56:14 +0000
**To:** Bill Holbrow <Bill_Holbrow@bstz.com>
**Conversation:** Datcard v. Pacsgear
**Subject:** Datcard v. Pacsgear

Bill,

    Thank you for explaining today that MediaWriters sold to North and South America are manufactured in Pleasanton, CA, and MediaWriters sold in Europe are manufactured in Germany.  If you happen to know the manufacturing location for

MediaWriters sold to Australia and South Africa, I'd appreciate it if you would let me know.  This will also confirm our discussion in which I explained that DatCard expects that it will supplement its expert report on infringement to take into account information learned through third party discovery that has been postponed by the third parties, such as the depositions of California Pacific Medical and Loyola.

In response to your inquiry, DatCard will not be pursuing a claim of infringement of Claim 19 of the '164 patent and Claim 11 of the '174 patent.

Best regards,

Paul

Paul Stewart
Partner
pstewart@kmob.com
949-721-2886 **Direct**
Knobbe Martens
INTELLECTUAL PROPERTY LAW
2040 Main Street, 14th Floor
Irvine, CA 92614
www.kmob.com/paul.stewart <http://www.kmob.com/paul.stewart>

---

PRIVILEGED AND CONFIDENTIAL COMMUNICATION
This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended only for use by the recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of information received in error is strictly prohibited.

---

PRIVILEGED AND CONFIDENTIAL COMMUNICATION
This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended only for use by the recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of information received in error is strictly prohibited.

**EXHIBIT 2**

**From:** Paul.Stewart
**Sent:** Friday, September 02, 2011 3:47 PM
**To:** Lit DATCARL.067L
**Subject:** 2011-09-02 email from Holbrow to PAS re Expert Disclosure (DatCard v. Pacsgear)

**Attachments:** BobGreen_Profile[1].pdf; DOC[2].PDF; Horii_CV_2011B.docx; Scan 001[3].pdf

---

**From:** Bill Holbrow [mailto:Bill_Holbrow@bstz.com]
**Sent:** Friday, September 02, 2011 3:25 PM
**To:** Paul.Stewart
**Cc:** Maria Papi; Dennis Martin
**Subject:** Expert Disclosure (DatCard v. Pacsgear)

Paul,

We have retained Dr. Steven Horii and Robert Green as experts.  Enclosed are documents reflecting their backgrounds and a signed copy of their Agreement to Bound by the Protective Order.

Please let me know if you have any questions.

Regards,

Bill

**EXHIBIT 3**

1   Willmore F. Holbrow, III (SBN#169688)
    Bill_Holbrow@bstz.com
2   Dennis G. Martin (SBN# 54060)
    Dennis_Martin@bstz.com
3   BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
    12400 Wilshire Boulevard, Seventh Floor
4   Los Angeles, California 90025
5   Tel: (310) 207-3800
    Fax: (310) 820-5988
6
    Attorneys for Defendant PACSGEAR, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11

12  DATCARD  SYSTEMS,  INC., a  California)   CASE NO. SACV 10-1288 DOC (VBKx)
    corporation                           )
13                                        )
                                          )
14          Plaintiff,                    )   Case Assigned to:  Judge David O. Carter
                                          )
15          vs.                           )
                                          )
16                                        )   **DEFENDANT'S SUPPLEMENTAL**
    PACSGEAR, INC., a California corporation )  **RESPONSES TO 4TH SET OF**
17                                        )   **INTERROGATORIES PROPOUNDED**
            Defendant.                    )   **BY PLAINTIFF (NO. 17)**
18                                        )
19  PACSGEAR, INC., a California          )
    corporation,                          )
20                                        )
            Counter-Claimaint,            )
21                                        )
22  v.                                    )
                                          )
23  DATCARD SYSTEMS, INC., a California   )
    corporation,                          )
24                                        )
            Counter-Defendant.            )
25                                        )
26

27

28

                                    1

**EXHIBIT 3**
**- 7 -**

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant

2  PACSGEAR, INC. (hereinafter 'PACSGEAR") hereby responds to the Plaintiff

3  DATCARD SYSTEMS, INC.'s (hereinafter "DATCARD") FOURTH SET OF

4  INTERROGATORIES.

5                    **General Objections**

6       1.     PACSGEAR objects to Plaintiff DATCARD'S FOURTH SET OF

7  INTERROGATORIES requesting confidential or trade secret information at least in the

8  absence of a suitable protective order.  Disclosure of such information to personnel of

9  Plaintiff or persons associated with Defendant's competitors could be damaging to

10  Defendant's business interests.

11       2.     PACSGEAR objects to DATCARD'S FOURTH SET OF

12  INTERROGATORIES requesting disclosure of confidential attorney-client

13  communications or the work product of its counsel.

14

15           **RESPONSES TO INTERROGATORIES**

16  **INTERROGATORY NO. 17:**

17    Identify and describe in detail all of the facts and legal bases supporting your Ninth

18  Affirmative Defense, set forth in Paragraph 46 of your Answer to the Second Amended

19  Complaint, and identify the Bates Number all documents supporting this affirmative

20  defense.

21    **OBJECTION:**    PACSGEAR objects to this interrogatory on the grounds it is

22  vague and ambiguous.

23    **RESPONSE:**    Subject to and without waiving the foregoing objections,

24  PACSGEAR responds as follows:

25     1.     Ken Wright, one of the two named inventors, testified that in 1999 and prior

26  to conceiving of the claimed invention, he acquired and used a software program, known

27

28

2

**EXHIBIT 3**

**- 8 -**

1    as eFilm Suite, made by eFilm Medical, Inc. of Toronto, Canada.  (Wright Transcript pp.
2    44-52)
3           2.     Ken Wright testified that this eFilm software was designed to burn DICOM
4    medical images onto CDs along with viewing software, which would enable one to view
5    the images on widely accessible computers, not specifically configured with standard
6    medical imaging software for viewing medical images.  (Wright Transcript pp. 44-52)
7           3.     During the prosecution of the application (number 09/761,795) (the "795
8    Application") which would lead to the issuance of U.S. Patent No. 7,302,164 (the "164
9    Patent"), the Patent Examiner rejected the claims on the ground that some of the cited prior
10   art references disclosed the concept of adding viewing software on to a CD to allow for
11   viewing the DICOM medical images on widely accessible computers.
12          4.     In response, Ken Wright, signed a declaration on July 19, 2007
13   ("Declaration") that was filed on his behalf with the PTO in response to the Patent
14   Examiner's rejection.  In the Declaration, he distinguished several prior art references by
15   contending that they failed to disclose burning viewing software on a CD to allow the
16   images on the CD to be viewed on widely accessible computers.  (See pages 1-5 of
17   Declaration of Ken Wright Under 37 C.F.R. 1.132)
18          5.     By way of example, Mr. Wright states at page 4 of 5:
19      "Specifically, the system disclosed in Nishihara does not address the shortcoming of
20   medical image data systems such as disclosed in Sutherland, that require use of viewing
21   workstations that are specifically configured to view medical image data stored in a
22   standardized medical imaging format, such as DICOM format."
23          6.     The Amendment and Remarks filed with the PTO on behalf of DatCard on
24   20 July 2007, by Kyle F. Schlueter of Knobbe Martens Olson & Bear, DatCard's counsel,
25   in response to an Office Action, highlighted the portion of the claims, which they
26   contended distinguished the claims over the prior art references, namely:
27
28

3

**EXHIBIT 3**
**- 9 -**

"….allowing viewing of medical image data stored on the data storage medium [CD] **on widely accessible computers not specifically configured with standard medical imaging software for viewing medical images**" [[emphasis added] by DatCard in response.] (see pages 1-16 of Remarks and Amendments.]

7.      By way of example, in its 20 July 2007 Amendment and Remarks submission to the PTO, DatCard's attorneys distinguish the prior art reference of Sutherland as follows:

"Thus, the Sutherland disclosure is focused on the need for a DICOM-compliant **viewing station**, whereas the system recited in Claim 37 includes a viewing program that allows for viewing of medical image data on "widely accessible computers not specifically configured with standard medical imaging software for viewing of medical images."

8.      The above limitation appears in all the independent claims of the '164 Patent and the PTO issued a Notice of Allowance shortly after receiving this response.

9.      DatCard and its representatives failed to disclose to the PTO, during the prosecution of the '795 Application or anytime thereafter, the capabilities of the prior art eFilm Suite product, including its ability to burn viewing software onto a CD with DICOM medical images to allow the viewing of such images on widely accessible computers.

10.     Mr. Wright, in submitting the Declaration, knew that the PTO was focusing on whether the prior art references disclosed a system which allowed DICOM medical images to be viewed on widely accessible computers.  In his Declaration, he specifically attempted to claim that none of the prior art references disclosed including a viewing program on the CD.  Despite this knowledge, Mr. Wright and Mr. Schlueter failed to disclose to the PTO that the prior art eFilm Suite software had this very feature.

11.     PACSGEAR alleges that the above misrepresentations/omissions constituted egregious misconduct, were highly material to patentability and made with the intent to deceive the PTO to issue the '164 Patent.  Additionally, PACSGEAR contends that had

4

EXHIBIT 3
- 10 -

1   DatCard disclosed to the PTO the features of the efilm Software, the '164 Patent would not

2   have issued.  PACSGEAR also contends that the subsequent "child" patents, which are

3   based are the same specification as the '164 Patent are tainted by this conduct and are also

4   therefore unenforceable.

5

6   Dated:  October 25, 2011

    Willmore F. Holbrow, III (SB# 169688)

7   Dennis G. Martin (SB# 54060)

8   BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP
    12400 Wilshire Boulevard, Seventh Floor

9   Los Angeles, California 90025
    Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 3**
**- 11 -**

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a resident of the State of California, am over the age of 18 years and not a party to the within action.  I am employed by Blakely Sokoloff, Taylor & Zafman LLP located at 12400 Wilshire Boulevard, Seventh Floor, Los Angeles, California 90025.

On October 25, 2011, I served the following document: **DEFENDANT'S SUPPLEMENTAL RESPONSES TO FOURTH SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF (NO. 17)** on all interested parties, through their respective attorneys of record, as follows:

Craig S. Summers
craig.summers@kmob.com
Paul A. Stewart
paul.stewart@kmob.com
David H. Chan
david.chan@kmob.com
KNOBBE MARTENS, OLSON & BEAR, LLP
2040 Main Street 14th Floor
Irvine, CA  92614
Tel:  949-760-0404
Fax:  949-760-9502

**METHOD OF SERVICE**

_____✓__(**BY MAIL**) I caused such envelope(s) with sufficient postage thereon fully prepaid to be placed in the United States Mail at Los Angeles, California.

_____✓__(**BY ELECTRONIC MAIL**)  I caused a true and correct copy of the attached document to be sent via e-mail to the email address listed above)

_____(**BY FACSIMILE**) I caused such document to be transmitted by facsimile to the address listed above.

_____(**BY PERSONAL SERVICE**) I caused such documents to be delivered by hand to the person(s) listed above by using a messenger service for personal delivery or by Federal Express, California Overnight Express or some other overnight delivery service to the address listed above.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on October 25, 2011 at Los Angeles, California.

_____
Lareema Henderson

6

EXHIBIT 3
- 12 -

**EXHIBIT 4**

**From:** Paul.Stewart
**Sent:** Monday, October 31, 2011 3:07 PM
**To:** Bill Holbrow
**Subject:** 2011-10-31 email from PAS to Holbrow re Patent Misuse and Inequitable Conduct
Dear Bill,

We are writing to request a conference of counsel with you under Local Rule 7-3 concerning Pacsgear's Ninth Affirmative Defense, which alleges that the patents in suit are invalid and unenforceable as a result of patent misuse.

In response to DatCard's Interrogatory No. 17, which sought the basis for this affirmative defense, we learned that Pacsgear's misuse defense is reallly an inequitable conduct defense.  However, as we have previously notified you, Pacsgear has not pled an inequitable conduct defense and has not met the standards for pleading such a defense with the specificity required by Rule 9 and the *Exergen* case.  Even if Pacsgear's supplemental response to Interrogatory No. 17 is taken into account, Pacsgear still has fallen short of adequately pleading an inequitable conduct defense.  Accordingly, DatCard intends to file a motion to dismiss Pacsgear's Ninth Affirmative Defense under Rule 12(c).  We also intend to move to strike any expert reports (or portions thereof) by Pacsgear that relate to this defense, unless we are able to reach an agreement that DatCard's rebuttal expert reports related to this defense may be postponed until 30 days after the Court has decided the motion to dismiss.

We would like to conduct the conference of counsel with you on Wednesday, November 2, 2011 at 11 am, or sooner if you are available.  Please let us know what works for you.

Best regards,
Paul


**Paul Stewart**
Partner
[pstewart@kmob.com](mailto:pstewart@kmob.com)

949-721-2886 **Direct**



INTELLECTUAL PROPERTY LAW

2040 Main Street, 14th Floor
Irvine, CA 92614
[www.kmob.com/paul.stewart](http://www.kmob.com/paul.stewart)

# EXHIBIT 5
**CONTAINS CONFIDENTIAL – OUTSIDE COUNSEL ONLY
INFORMATION**

# FILED SEPARATELY UNDER SEAL

**EXHIBIT 6**

**From:** Paul.Stewart
**Sent:** Thursday, November 03, 2011 10:03 AM
**To:** Lit DATCARL.067L
**Subject:** 2011-11-03 email from Dennis Martin to PAS re: Judgment on Pleadings / Leave to Amend

---

**From:** Dennis Martin [mailto:Dennis_Martin@bstz.com]
**Sent:** Thursday, November 03, 2011 9:52 AM
**To:** Paul.Stewart
**Cc:** Bill Holbrow; Lareema Henderson
**Subject:** Re: Judgment on Pleadings / Leave to Amend

Dear Paul,

Bill asked that I respond to your e-mail below.

Since you have received Mr. Green's report, and there is already an answer on file containing the inequitable conduct defense, I do not see any reason why you would need an extension for your rebuttal report.  Such an extension would create a logjam for us with respect to dispositive motions and pretrial preparation.   If you feel you must proceed with an ex parte, please notify and serve me.

Thanks,

Dennis
--
Dennis G. Martin
Blakely, Sokoloff, Taylor & Zafman, LLP
12400 Wilshire Boulevard, Suite 700
Los Angeles, CA 90025
Direct: (310) 500-4746


On 11/2/11 4:45 PM, "Bill Holbrow" <Bill_Holbrow@bstz.com> wrote:


FYI

**Bill Holbrow** | Partner
BLAKELY SOKOLOFF TAYLOR & ZAFMAN LLP
12400 Wilshire Boulevard, Suite 700
Los Angeles | California 90025
Phone 310.207.3800 | Fax 310.820.5988
Bill_Holbrow@bstz.com| www.bstz.com


------ Forwarded Message

**From:** "Paul.Stewart" <Paul.Stewart@kmob.com>
**Date:** Wed, 2 Nov 2011 23:43:46 +0000
**To:** Bill Holbrow <Bill_Holbrow@bstz.com>
**Conversation:** Judgment on Pleadings / Leave to Amend
**Subject:** Judgment on Pleadings / Leave to Amend

Bill,

   We have been giving more thought to the issues raised by our planned motion for judgment on the pleadings and your possible motion for leave to amend the pleadings.  We believe it makes little sense for us to seek judgment on the pleadings if Pacsgear's response will be a motion to amend those same pleadings.  Essentially, both parties would end up fighting over the viability of Pacsgear's Ninth Affirmative Defense twice, which serves no one's interests.

   Accordingly, we ask that you decide now whether Pacsgear will in fact be filing a motion to amend its Ninth Affirmative Defense.  If Pacsgear files such a motion, the status of the Ninth Affirmative Defense will be decided in the context of that motion, and we would not file a separate motion for judgment on the pleadings.  If Pacsgear decides not to file a motion to amend, DatCard will move forward with its planned motion for judgment on the pleadings, and the status of the Ninth Affirmative Defense will be decided in that context.  Please let us know your position on this by the end of this week.

   On a related matter, we do not believe it would be appropriate to require DatCard to respond to Mr. Green's expert report on inequitable conduct while the parties are still in disagreement over whether the defense has been pled in the case.  Accordingly, we ask that you stipulate that DatCard may serve its response to Mr. Green's report 30 days after the Court's ruling on the Motion for Leave to Amend / Motion for Judgment on the Pleadings.  If Pacsgear does not stipulate, it is our intention to go to the Court on an ex parte basis to seek the same relief.  Please let us know your position on this by the end of the week as well.  Thank you.

Paul


Paul Stewart
Partner
pstewart@kmob.com
949-721-2886 **Direct**
Knobbe Martens
INTELLECTUAL PROPERTY LAW
2040 Main Street, 14th Floor
Irvine, CA 92614
www.kmob.com/paul.stewart <http://www.kmob.com/paul.stewart>

---

PRIVILEGED AND CONFIDENTIAL COMMUNICATION
This electronic transmission, and any documents attached hereto, may contain confidential and/or legally privileged information. The information is intended only for use by the recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of information received in error is strictly prohibited.


------ End of Forwarded Message