**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1288 DOC (VBx)                    Date: November 29, 2011

Title: DATCARD SYSTEMS, INC. V. PACSGEAR, INC.

---

DOCKET ENTRY
        [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

                                        Date:_____   Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

____Julie Barrera____                      ____Not Present____
Courtroom Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

---

PROCEEDING (IN CHAMBERS): GRANTING LEAVE TO FILE FIRST AMENDED ANSWER
                          AND COUNTERCLAIM AND GRANTING, IN PART,
                          MOTION FOR LEAVE TO SET DEADLINE

Before the Court are a Motion to Amend Answer and Counterclaim filed by Defendant PacsGear, Inc. ("PacsGear") ("Motion to Amend") (Docket 33) and a Motion for Leave to Set Deadline to Serve an Expert Report filed by Plaintiff DatCard Systems, Inc. ("DatCard") ("Motion to Set Deadline") (Docket 39). The Court finds this matter appropriate for decision without oral argument.  Fed.R.Civ. P. 78; Local Rule 7-15.  After considering the moving, opposing and replying papers thereon, the Court GRANTS Defendant's Motion to Amend and GRANTS, in part, Plaintiff's Motion to Set Deadline.

**I. BACKGROUND**

        PacsGear seeks leave to file an Amended Answer and Counterclaim so that it may allege with specificity the rationale behind its Ninth Affirmative Defense for inequitable conduct. The facts added to supplement the pleading were discovered during the deposition of DatCard's President, Ken Wright ("Mr. Wright") on August 12, 2011. Plaintiff DatCard opposes such amendment but, if the

MINUTES FORM 11 DOC                                Initials of Deputy Clerk: jcb
CIVIL - GEN                                        Page 1 of 3

Motion to Amend is granted, Plaintiff seeks leave of the Court to file a rebuttal expert report after the scheduled deadline.

## II. LEGAL STANDARD

Generally, leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the standard governing whether amendment should be permitted "becomes progressively more difficult to meet as litigation proceeds toward trial." *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, once the district court enters a scheduling order setting forth a deadline for the amendment of pleadings, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (good cause exists "if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 ("carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (internal citations omitted).

## III. DISCUSSION

In this case, the applicable Scheduling Order established May 1, 2011 as the deadline for filing motions for leave to amend. Scheduling Order, Hon. David O. Carter, January 31, 2011 (Docket 19). Allowing Defendant to file a first amended answer and counterclaim at this time would therefore require a modification of the Scheduling Order. As explained above, such a modification is permitted only upon a showing of "good cause," which requires evidence that Plaintiff has behaved with reasonable diligence. Specifically, courts have evaluated a party's diligence by examining whether:

> (1) the party was diligent in assisting the Court in creating a workable Rule 16 order . . . ; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [it] could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (N.D. Cal. 1999) (internal citations omitted).

As there are no allegations that Plaintiff was not diligent in assisting the Court in creating the Scheduling Order, the issue of diligence is twofold: first, whether the noncompliance with the

Scheduling Order occurred notwithstanding Plaintiff's diligent efforts to comply, *because of the development of matters which could not have been reasonably foreseen or anticipated* at the time of the scheduling conference; second, whether Plaintiff was diligent in seeking amendment of the Scheduling Order, once it became apparent that amendment was necessary.  *Id.* at 609.

DatCard argues that PacsGear waited too long to depose Mr. Wright, on whose testimony the amendment is based and that PacsGear inexcusably waited three months after Mr. Wright's deposition to file the present motion. Neither argument is persuasive. First, as PacsGear explains, thousands of pages were produced in conjunction with Mr. Wright's deposition and the deposition was pushed two weeks later, by Plaintiff's request. The final 1,200 pages were not even produced until August 4, 2011. The Court agrees with PacGear's contention that there is no way it could have been taken before the May 1, 2011 cutoff date for motions to amend pleadings. Second, the Court does not agree that the three month delay was as much DatCard's fault as PacsGear's, but three months is not a *per se* excessive amount of time in which to bring a motion to amend.

Because there will be no prejudice to Plaintiff, Defendant shall be given leave to amend. Any potential prejudice to Plaintiff can be cured through a ruling on Plaintiff's Motion seeking a deadline to submit an expert rebuttal report. DatCard's primary complaint is that it may be forced to spend tens of thousands of dollars on a rebuttal expert report that may never be necessary. First, because the Court is hereby permitting PacsGear's proposed amendment, DatCard will not be prejudiced if it has already retained an expert for a rebuttal report. To ensure that there is no possibility of prejudice, however, the Court will grant, in part, DatCard's Motion to Set a Deadline. DatCard may serve an expert report in rebuttal to the November 1, 2011 Expert Report of Robert Green no later than **December 16, 2011.**

## IV. DISPOSITION

For the aforementioned reasons, Defendant's Motion for Leave to Amend is hereby GRANTED and Plaintiff's Motion to Set a Deadline is granted to the extent that Plaintiff may serve an expert report in rebuttal to the November 1, 2011 Expert Report of Robert Green no later than **December 16, 2011.**

The Clerk shall serve this minute order on all parties to the action.