```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
 2                     SOUTHERN DIVISION

 3

 4   DATCARD SYSTEMS, INC., a     Civil Action No.
     California corporation,      SACV10-1288 DOC (VBKx)
 5              Plaintiff,

 6       V

 7
     PACSGEAR, INC., a California
 8   corporation,
                Defendant.
 9

10

11

12            Videotaped deposition of STEVEN HORII,

13   M.D., taken at the offices of James DeCrescenzo

14   Reporting, LLC, 1880 John F. Kennedy Boulevard, 6th

15   Floor, Philadelphia, Pennsylvania, on Tuesday,

16   December 20, 2011, at 9:11 a.m., before Jennifer L.

17   Bermudez, a Registered Professional Reporter, and

18   Notary Public, pursuant to notice.

19

20

21

22

23

24

25

                            1
```

STEVEN HORII, M.D.

BARKLEY
Court Reporters

**EXHIBIT 10**

- 290 -

```
 1   APPEARANCES:

 2   KNOBBE MARTENS OLSON & BEAR LLP
     BRIDGET A. SMITH, ESQUIRE
 3   Bridget.Smith@kmob.com
     2040 Main Street
 4   14th Floor
     Irvine, California 92614
 5   949-760-0404
     Attorney for Plaintiff
 6


 7   BLAKELY SOKOLOFF TAYLOR ZAFMAN, LLP
     BILL F. HOLBROW, ESQUIRE
 8   Bill_Holbrow@bstz.com
     12400 Wilshire Boulevard
 9   Seventh Floor
     Los Angeles, California 90025
10   310-207-3800
     Attorney for Defendant
11


12


13   ALSO PRESENT:
          Max Stein, Video Operator
14


15


16                 EXAMINATION INDEX

17
     STEVEN HORII, M.D.
18       BY MS. SMITH . . . . . . . . . . .      5
         BY MR. HOLBROW . . . . . . . . .      273
19       BY MS. SMITH . . . . . . . . .        276

20

21

22

23

24

25


                         2
```

STEVEN HORII, M.D.

BARKLEY
Court Reporters

**EXHIBIT 10**


```
 1                        EXHIBIT INDEX

 2                                                    MARKED
      EXHIBIT
 3
        1119   NOTICE OF DEPOSITION                      5
 4
        1120   INITIAL EXPERT REPORT OF DR. HORII       35
 5
        1121   U.S. PATENT NO. 302,164                  54
 6
        1122   EXCERPTS FROM APPLICATION NO.            56
 7             90/009,347

 8      1123   MEHTA ARTICLE                            59

 9      1124   RATIB ARTICLE                           123

10      1125   HEARTLAB ARTICLE                        140

11      1126   SUTHERLAND PATENT                       174

12      1127   597 PATENT                              188

13      1128   157 PATENT                              205

14      1129   174 PATENT                              210

15      1130   422 PATENT                              211

16      1131   EXHIBIT 20 OF DR. HORII'S REPORT        212

17      1132   COPIES OF EXCERPT FROM THE DICOM        215
               STANDARD FROM 2003, 2004, 2006, 2007
18             AND 2008

19      1133   REPORT OF DR. HORII                     221

20      1134   MEDIA WRITER USER'S MANUAL              251

21

22

23

24

25


                               3
```

STEVEN HORII, M.D.

BARKLEY
Court Reporters

**EXHIBIT 10**

```
09:11  1                  VIDEO OPERATOR:  We are now on the
09:11  2   videotape record.
09:11  3                  This is the videotape of Steven Horii,
09:11  4   taken by the Plaintiff, in the matter of DatCard
09:11  5   Systems, Inc., a California corporation vs. PACSGEAR,
09:11  6   Inc., a California corporation, in the United States
09:11  7   District Court for the Central District of California,
09:11  8   Southern Division, Civil Action No. SACV10-1288 DOC
09:11  9   (VBKx), held at the offices of James DeCrescenzo
09:11 10   Reporting, located at 1880 JFK Boulevard,
09:12 11   Philadelphia, Pennsylvania, on Tuesday, December 20th,
09:12 12   2011, at 9:11 a.m.
09:12 13                  I am Max Stein, the videographer.  The
09:12 14   court reporter is Jennifer Bermudez.  We are from the
09:12 15   firm of Barkley Court Reporters, Inc., in Los Angeles,
09:12 16   California.
09:12 17                  Counsel will now introduce themselves.
09:12 18                  MS. SMITH:  Bridget Smith for the
09:12 19   Plaintiff, DatCard.
09:12 20                  MR. HOLBROW:  Bill Holbrow here on
09:12 21   behalf of Defendant, PACSGEAR.
09:12 22                  VIDEO OPERATOR:  The reporter will now
09:12 23   swear in the witness.
09:12 24                  STEVEN HORII, M.D., having been duly
09:12 25   sworn, was examined and testified as follows:
```

4

STEVEN HORII, M.D.

BARKLEY
Court Reporters

**EXHIBIT 10**

```
09:12  1                    MS. SMITH:  All right.  I'm just going
09:12  2    to mark as the first Exhibit 1119, the Notice of
09:13  3    Deposition.
09:13  4                    (Exhibit 1119 was marked for
09:13  5    identification.)
       6                                        EXAMINATION
09:13  7    BY MS. SMITH:
09:13  8          Q.    Could you state your name and address,
09:13  9    for the record.
09:13 10          A.    Yes.  My name is Steven Horii,
09:13 11    H-O-R-I-I.  My address is 469 South Ithan Avenue, in
09:13 12    Bryn Mawr, Pennsylvania 19010.
09:13 13          Q.    And you'd agree this is then the -- have
09:13 14    you seen this document before today?
09:13 15          A.    Yes, I have.
09:13 16          Q.    And this is your Notice of Deposition?
09:13 17          A.    Yes.
09:13 18          Q.    Have you been deposed before?
09:13 19          A.    Yes, I have.
09:13 20          Q.    How many times?
09:13 21          A.    Just once.  Excuse me, twice.
09:13 22          Q.    Twice.  Okay.
09:14 23                And what -- could you tell me about what
09:14 24    were those cases about?
09:14 25          A.    They were both -- it was the same case.
```

5

```
12:38   1            A.      That's correct.
12:38   2            Q.      Okay.  But that opinion is not in your
12:38   3    report.
12:38   4                    Are there any -- are there any other
12:38   5    claim elements that are not disclosed by the DICOM
12:38   6    standard in Claim 9?
12:39   7            A.      No.  That's based on my review without
12:39   8    having the documents in front of me, the DICOM
12:39   9    documents in front of me.
12:39  10            Q.      Is there any reason why you didn't
12:39  11    include them in as an exhibit to your report, the
12:39  12    DICOM documents?
12:39  13            A.      The reference -- well, unfortunately,
12:40  14    the website reference is not there, but if so, it's
12:40  15    readily available.
12:40  16            Q.      Okay.  So what was the answer to my
12:40  17    question?
12:40  18            A.      Why I didn't include them?
12:40  19            Q.      Why didn't you include the DICOM
12:40  20    standard as an exhibit to your report?
12:40  21            A.      I didn't think of it, maybe.
12:40  22            Q.      Okay.  So, is it your opinion that the
12:40  23    asserted '164 patent claims would have been obvious
12:41  24    over the DICOM standard alone?
12:41  25            A.      No.
```

96

12:41  1          Q.     No.  Okay.
12:41  2                 So you need to combine it with
12:41  3   additional references?
12:41  4          A.     Yes.
12:41  5          Q.     Okay.  And what are those additional
12:41  6   references that you would need to combine with DICOM
12:41  7   in order to render the asserted '164 patent claims
12:41  8   obvious?
12:42  9          A.     Here, I would specifically cite the
12:42 10   Ratib article, the one on CD production, the Heartlab
12:42 11   description.  We already talked about the Mehta
12:42 12   paper.  And sections of Huang's book.
12:42 13                 They are all cited in the --
12:42 14          Q.     Okay.  So, just so I understand, your
12:42 15   opinion is that the asserted '164 patent claims would
12:42 16   have been obvious over the DICOM standard in view of
12:42 17   Heartlab or Mehta or Ratib or sections of Huang's
12:43 18   book.
12:43 19          A.     I would probably invert that and say
12:43 20   that Ratib and Heartlab in combination with DICOM.
12:43 21          Q.     Okay.  So, it's your opinion that the
12:43 22   '164 patent claims would have been obvious over Ratib
12:43 23   in view of Heartlab and, further, in view of the DICOM
12:43 24   standard.  Is that correct?
12:43 25                 MR. HOLBROW:  Objection as to the form

97

STEVEN HORII, M.D.

BARKLEY
Court Reporters

EXHIBIT 10

- 296 -

```
02:06   1   the record?
02:06   2          A.     Yes.
02:06   3          Q.     Okay.  And do you wish to change any of
02:06   4   your testimony from before our lunch break?
02:06   5          A.     No.
02:06   6          Q.     Okay.  So, just to close the door here
02:06   7   on the DICOM standard, did you do a claim-by-claim,
02:07   8   element-by-element analysis of the '164 patent claims
02:07   9   against the DICOM standard?
02:07  10          A.     I did not.
02:07  11          Q.     Okay.  So I would like to turn to
02:07  12   Section C now, on Page 19, the last paragraph where
02:07  13   you start discussing an article by your colleague
02:07  14   Osman Ratib.
02:07  15                 Okay.  So, here, you cited the Ratib
02:07  16   Declaration.  Okay.
02:07  17                 Did you rely on Dr. Ratib's Declaration
02:07  18   in forming your opinions regarding the article?
02:07  19          A.     No.
02:08  20          Q.     No?
02:08  21          A.     I used the article.
02:08  22          Q.     You used the article.  Okay.
02:08  23                 So you are just citing to the Ratib
02:08  24   Declaration for the proposition that Osman Ratib
02:08  25   worked on the design of a DICOM PACS system used at
```

116

STEVEN HORII, M.D.

BARKLEY
Court Reporters

**EXHIBIT 10**

- 297 -

```
08:07  1         Q.      But you don't know how much they sell?
08:07  2         A.      I do not know how many they sell.
08:07  3                 MS. SMITH:  Okay.  That's it.
08:07  4                 MR. HOLBROW:  I may have a few follow-
08:07  5    up.
7:24p  6                          EXAMINATION
08:0
08:07  7    BY MR. HOLBROW:
08:07  8         Q.      Dr. Horii, during Ms. Smith's
08:07  9    examination of you, she asked you questions regarding
08:07 10    why one skilled in the art would combine the
08:07 11    references.
08:07 12                 Is it fair to say that you stated the
08:07 13    motivation at the beginning of your report, namely, to
08:07 14    go from film to CDs?
08:07 15         A.      Yes.  The motiv -- the entire motivation
08:07 16    for developing CD-burning systems was to move away
08:07 17    from film as a way of distributing images.
08:08 18         Q.      And you intended for that statement at
08:08 19    the beginning to carry through the rest of your
08:08 20    report?
08:08 21         A.      Yes.  To be the motivation for combining
08:08 22    references where needed.
08:08 23         Q.      And you also quoted from the KSR case in
08:08 24    the beginning regarding the -- of your report,
08:08 25    regarding the obviousness standard and including some
```

273

STEVEN HORII, M.D.

BARKLEY
Court Reporters

**EXHIBIT 10**

- 298 -

CERTIFICATION

I, JENNIFER L. BERMUDEZ, a Court Reporter in and for the Commonwealth of Pennsylvania, hereby certify that the foregoing is a true and accurate transcript of the deposition of said witness who was first duly sworn by me on the date and place hereinbefore set forth.

I FURTHER CERTIFY that I am neither attorney nor counsel for, nor related to or employed by, any of the parties to the action in which this deposition was taken, and further that I am not a relative or employee of any attorney or counsel employed in this action, nor am I financially interested in this case.

_____
JENNIFER L. BERMUDEZ
Court Reporter and Notary Public

279

EXHIBIT 10

- 299 -