Link: 64

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DATCARD SYSTEMS, INC.<br><br>Plaintiff,<br><br>v.<br><br>PACSGEAR INC.<br><br>Defendant. | Case No. 8:10-cv-01288-MRP-VBK<br><br>**Order Re DatCard Inc.'s Motion for Summary Judgment of Infringement of U.S. Patents 7,783,174 and 7,734,157** |

## I.   INTRODUCTION

DatCard Systems, Inc. ("DatCard") has sued Pacsgear, Inc. ("Pacsgear") for patent infringement. The asserted patents are U.S. Patent Nos. 7,183,174 (filed Jun. 12, 2009) ("the '174 patent") and 7,734,157 (filed Jun. 24, 2009) ("the '157 patent"). The patents generally relate to technology for transmitting medical images (like MRI images) to compact discs ("CDs"). DatCard moves for summary judgment of infringement. The accused product is Pacsgear's "MediaWriter." DatCard argues that Pacsgear's customers directly infringe Claims 1-4 and 7 of the '174 patent and that Pacsgear itself indirectly infringes under a theory of

contributory infringement. As to the '157 patent, DatCard argues that Pacsgear directly infringes Claims 7 and 12. For the reasons provided below, the Court denies DatCard's motion of summary judgment of infringement for the '174 patent. The Court grants DatCard's motion for summary judgment of infringement for the '157 patent as to certain versions of MediaWriter (versions 4.0 and earlier) but denies the motion as to versions 4.0.1 and beyond.

## II.   LEGAL PRINCIPLES

### A. Summary Judgment

The Court shall grant summary judgment if: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) the movant is entitled to judgment as a matter of law. Fed. Rule Civ. Proc. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The Court must: (1) identify material facts by reference to the governing substantive law, *Anderson*, 477 U.S. at 248; (2) disregard irrelevant or unnecessary factual disputes, *id.*; and (3) view facts and draw reasonable inferences in favor of the nonmoving party, *Scott v. Harris*, 550 U.S. 372 (2007).

### B. Infringement

Determining patent infringement is a two-step process. *Hearing Components, Inc. v. Shure Inc.*, 600 F.3d 1357, 1370 (Fed. Cir. 2010). First, the asserted patent claim must be construed as a matter of law. *Id.* Second, the properly construed

claims must be compared to the accused product. *Id.* "An infringement issue is properly decided upon summary judgment when no reasonable jury could find every limitation recited in the properly construed claim is or is not found in the accused device either literally or under the doctrine of equivalents."*Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

### III.   ANALYSIS

**A. The Court Denies DatCard's Motion for Summary Judgment of Infringement for the '174 Patent**

Claim 1 of the '174 patent is a system claim. *Id.* at col. 9 II. 25-47. One of the claim elements is "a search module configured to ***automatically*** search the database for ***related data*** based on the user selection . . . ." *Id.* at col. 9 II. 35-36 (emphasis added). The Court has previously issued a Claim Construction order in this case. ECF No. 135. Pursuant to that Order, "automatically" means "without user selection or direction," whereas "related data" refers to "[d]ata that is: (1) formatted in a standard medical imaging format; and (2) related to the selected medical imaging data." *Id.* at 34.

The MediaWriter's search module is configured to search for diagnostic reports such as "HL7" reports. *See* Mot. at 14 (citing Ex. 2 at 34:8-35:3, 38:25-39:12, Ex. 23 at 58). These reports are stored in textual format – not in any standard medical imaging format. *See* Mot. at 14 (referring to diagnostic reports prepared by

radiologists as "textual reports"). On this ground alone, DatCard fails to establish its entitlement to summary judgment of infringement.

Furthermore, DatCard argues, "Specifically, ***when the 'Include Reports" button is selected***, a Media Writer uses a unique identification number associated with the selected medical image data to search the local drive for related reports with a matching identification number." *Id.* (citing Ex. 2 at 34:8-35:3, 38:25-39:12, Ex 23 at 58) (emphasis added). But the Court has construed "automatically" to mean "***without*** user selection or direction." ECF No. 135 at 34. By conceding that the MediaWriter's search module solicits user selection of the "Include Reports" button, DatCard undercuts its own argument. On this separate ground alone, DatCard fails to establish its entitlement to summary judgment of infringement.

Given the missing claim limitations in the accused product, the MediaWriter, DatCard is not entitled to summary judgment of infringement as a matter of law. Consequently, the Court denies DatCard's motion of summary judgment of infringement as to Claims 1-4 and 7 of the '174 patent with respect to Pacsgear's MediaWriter product.

**B. The Court Denies in Part and Grants in Part DatCard's Motion for Summary Judgment of Infringement as to the '157 Patent**

In its motion for summary judgment of infringement, DatCard argues that the accused product, Pacsgear's MediaWriter, satisfies each element of claims 7 and 12 of the '157 patent. Both claims require "a system . . . comprising . . . an image

production module that is configured . . . to automatically transmit . . . audit data . . . wherein the audit data comprises at least *an identification specific to the computer-readable medium* . . . ." '157 at col. 10 ll. 12-34, 50 (emphasis added). The Court has previously construed "an identification specific to the computer-readable medium" to mean "[a] unique identification for each instance of the computer-readable medium (e.g. each CD)." ECF No. 145 at 35.

Certain versions of MediaWriter (versions 4.0.1 and later) lack a unique identification for each instance of the computer-readable medium, e.g., each CD. These MediaWriter versions feature an identification called "Job ID." But "Job ID" is not unique to each CD. Consequently, DatCard is not entitled to summary judgment of infringement as to MediaWriter versions 4.0.1 and beyond. Other versions of MediaWriter (versions 4.0 and earlier) feature an identification called "disc ID." Disc IDs are unique for each CD and therefore constitute "an identification specific to the computer-readable medium." Pacsgear does not dispute that the disc ID satisfies the appropriate construction of this limitation. Opp. at 19 n.13.

"Whenever a patentee with the burden of proof seeks summary judgment of infringement, it must make a prima facie showing of infringement as to each accused device before the burden shifts to the accused infringer to offer contrary evidence." *L & W, Inc. v. Shertech, Inc.*, 471 F.3d 1311, 1318 (Fed. Cir. 2006). No

genuine issues of material fact remain as to all other claim limitations for Claims 7 and 12 of the '157 patent with respect to versions 4.0 and earlier of MediaWriter featuring disc IDs. *See* Mot. at 17-25. Because the Court finds that DatCard has made its prima facie showing of infringement, the burden shifts to Pacsgear to offer contrary evidence – which Pacsgear has failed to do.

Consequently, DatCard has proven by a preponderance of the evidence that each claim limitation of Claims 7 and 12 of the '157 patent is found in MediaWriter versions 4.0 and earlier. Thus, DatCard is entitled to summary judgment of infringement of Claims 7 and 12 of the '157 patent with respect to MediaWriter versions 4.0 and earlier. The Court notes that it has decided, in a separate order, that Claims 7 and 12 of the '157 patent are obvious. See ECF No. 74 (Pacsgear's motion for summary judgment of obviousness-based invalidity).

//

//

//

//

//

//

//

//

## IV. CONCLUSION

The Court denies DatCard's motion of summary judgment of infringement as to Claims 1-4 and 7 of the '174 patent with respect to Pacsgear's MediaWriter product. The Court denies DatCard's motion for summary judgment of infringement as to Claims 7 and 12 of the '157 patent with respect to certain versions of the MediaWriter (versions 4.0.1 and later). The Court grants DatCard's motion for summary judgment of infringement as to Claims 7 and 12 of the '157 patent with respect to other versions of the MediaWriter (versions 4.0 and earlier). But Claims 7 and 12 are invalid for obviousness. *See* ECF No. 74 (order pending).

**IT IS SO ORDERED.**

DATED: April 01, 2013   _____

Hon. Mariana R. Pfaelzer
*United States District Judge*