| | |
|---|---|
| 1 | Craig S. Summers (SBN 108,688) |
|   | craig.summers@kmob.com |
| 2 | Paul A. Stewart (SBN 153,467) |
|   | paul.stewart@kmob.com |
| 3 | Brian C. Claassen (SBN 253,627) |
|   | brian.claassen@kmob.com |
| 4 | Bridget A. Smith (SBN 253,548) |
|   | bridget.smith@kmob.com |
| 5 | **KNOBBE, MARTENS, OLSON & BEAR, LLP** |
|   | 2040 Main Street, 14th Floor |
| 6 | Irvine, CA 92614 |
|   | Telephone: (949) 760-0404 |
| 7 | Facsimile: (949) 760-9502 |
| 8 | Attorneys for Plaintiff/Counterdefendant |
| 9 | **DATCARD SYSTEMS, INC.** |
| 10 | Willmore F. Holbrow, III (SBN 169688) |
|    | Bill_Holbrow@bstz.com |
| 11 | Dennis G. Martin (SBN 54060) |
|    | dennis_martin@bstz.com |
| 12 | **BLAKELY, SOKOLOFF, TAYLOR & ZAFMAN, LLP** |
|    | 12400 Wilshire Boulevard, Seventh Floor |
| 13 | Los Angeles, CA 90025 |
|    | Telephone: (310) 207-3800 |
| 14 | Facsimile: (310) 820-5988 |
| 15 | Attorneys for Defendant/Counterclaimant |
|    | **PACSGEAR, INC.** |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DATCARD SYSTEMS, INC., a California corporation, | ) ) ) | Civil Action No. SACV10-1288 MRP(VBKx) |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **FINAL JUDGMENT UNDER RULE 54(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| PACSGEAR, INC., a California corporation, | ) ) ) | |
| Defendant. | ) ) ) | The Honorable Mariana R. Pfaelzer |
| AND RELATED COUNTERCLAIM | ) | |

Plaintiff DatCard Systems, Inc. brought the present action against Defendant Pacsgear, Inc. alleging infringement of five patents: U.S. Patent Nos. 7,302,164 ("the '164 Patent"), 7,729,597 ("the '597 Patent"), 7,783,174 ("the '174 Patent"), 7,734,157 ("the '157 Patent"), and 7,801,422 ("the '422 Patent"). Pacsgear filed counterclaims seeking a declaration that each of the patents is not infringed, is invalid, and is unenforceable due to inequitable conduct.

On March 12, 2013, this Court granted Pacsgear summary judgment of invalidity of the '422 Patent. On April 1, 2013, this Court granted Pacsgear summary judgment of non-infringement of the '164 Patent, the '597 Patent, and the '174 Patent. Also on April 1, 2013, this Court granted Pacsgear summary judgment of invalidity of the '157 Patent. Through these rulings, the Court has determined that Pacsgear has no liability under any of the five patents in suit.

The only remaining undecided claims are (1) Pacsgear's counterclaim for a declaration of invalidity of the '164 Patent, '597 Patent, and '174 Patent, and (2) Pacsgear's counterclaim for a declaration of unenforceability of all five patents in suit due to inequitable conduct.

DatCard has informed the Court that it plans to appeal at least some of this Court's summary judgment rulings. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly finds that there is no just reason for delay of DatCard's appeal of the summary judgment rulings.

Accordingly, **FINAL JUDGMENT IS HEREBY ENTERED UNDER FED. R. CIV. P. 54(b) AS FOLLOWS**:

1. Judgment is entered in favor of Pacsgear on DatCard's claim of infringement of the '164 Patent, based upon this Court's finding on summary judgment that Pacsgear has not infringed the '164 Patent;

2. Judgment is entered in favor of Pacsgear on DatCard's claim of infringement of the '597 Patent, based upon this Court's finding on summary judgment that Pacsgear has not infringed the '597 Patent;

*1*       3.     Judgment is entered in favor of Pacsgear on DatCard's claim of
*2* infringement of the '174 Patent, based upon this Court's finding on summary
*3* judgment that Pacsgear has not infringed the '174 Patent;

*4*       4.     Judgment is entered in favor of Pacsgear on DatCard's claim of
*5* infringement of the '157 Patent, based upon this Court's finding on summary
*6* judgment that the asserted claims of the '157 Patent are invalid under 35 U.S.C.
*7* § 103;

*8*       5.     Judgment is entered in favor of Pacsgear on DatCard's claim of
*9* infringement of the '422 Patent, based upon this Court's finding on summary
*10* judgment that the asserted claims of the '422 Patent are invalid under 35 U.S.C.
*11* § 103;

*12*       6.     Judgment is entered in favor of Pacsgear on Pacsgear's
*13* counterclaim for a declaration of non-infringement of the '164 Patent, based
*14* upon this Court's finding on summary judgment that Pacsgear has not infringed
*15* the '164 Patent;

*16*       7.     Judgment is entered in favor of Pacsgear on Pacsgear's
*17* counterclaim for a declaration of non-infringement of the '597 Patent, based
*18* upon this Court's finding on summary judgment that Pacsgear has not infringed
*19* the '597 Patent;

*20*       8.     Judgment is entered in favor of Pacsgear on Pacsgear's
*21* counterclaim for a declaration of non-infringement of the '174 Patent, based
*22* upon this Court's finding on summary judgment that Pacsgear has not infringed
*23* the '174 Patent;

*24*       9.     Judgment is entered in favor of Pacsgear on Pacsgear's
*25* counterclaim for a declaration of invalidity of the '157 Patent, based upon this
*26* Court's finding on summary judgment that the asserted claims of the '157
*27* Patent are invalid under 35 U.S.C. § 103; and
*28* / / /

1  10. Judgment is entered in favor of Pacsgear on Pacsgear's counterclaim for a declaration of invalidity of the '422 Patent, based upon this Court's finding on summary judgment that the asserted claims of the '422 Patent are invalid under 35 U.S.C. § 103.

11. As discussed above, there are two remaining undecided claims: (1) PacsGear's counterclaim for a declaration of invalidity of the '164 Patent, '597 Patent, and '174 Patent, and (2) Pacsgear's counterclaim for a declaration of unenforceability of all five patents in suit due to inequitable conduct.

12. DatCard has stated that it plans to appeal some of this Court's summary judgment rulings. The parties agree to stay the proceedings on the above remaining counterclaims until after DatCard's appeal of the summary judgment ruling is decided. The Court concurs and hereby stays the proceedings on the two remaining claims identified above, pending appeal. Any motions for attorneys' fees are also stayed and need not be filed, pending appeal.

13. PacsGear, as prevailing party, is entitled to recover its costs, pursuant to Rule 54(d), in an amount to be determined.

DATED:   June 6, 2013     _____

                                        Hon. Mariana R. Pfaelzer
                                        *United States District Judge*

15464482